JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-2448 JGB (SPx)** | Date | July 18, 2018 |
| Title | *Jason Scott Hukill v. James T. Warren, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order DISMISSING Action for Failure to Prosecute (IN CHAMBERS)

       On December 6, 2017, Plaintiff Jason Hukill ("Plaintiff"), proceeding *pro se*, filed a complaint against fourteen named defendants: James T. Warren, Kenneth A. Black, Private Dispute Resolution, James T. Neavitt, Chandra Moss, Steven Donnell, Karen D. Rohan-Hukill ("Defendant Rohan-Hukill"), Terry Brock, Kuba Jewgieniew, Realty One, David Blumenthal, Jack Zuckerman, Gursey Schneider, and Sherrie Davidson. ("Complaint," Dkt. No. 1.) On December 26, 2017, Defendant Rohan-Hukill was served process. (Dkt. No. 32 at 1.) No Proof of Service was filed with the Court, and to date, she is the only defendant that has been served. Plaintiff filed a First Amended Complaint on March 20, 2018. ("FAC," Dkt. No. 30.) Plaintiff filed his FAC more than 90 days after he filed his Complaint. On January 12, 2018, Defendant Rohan-Hukill filed a Motion to Dismiss Plaintiff's FAC. ("Motion," Dkt. No. 24.) On May 16, 2018, the Court granted Defendant Rohan-Hukill's Motion without leave to amend as to all claims against her. (Dkt. No. 37.) According to the docket, these remaining Defendants named in the FAC have not been served: James T. Warren, Kenneth A. Black, James T. Neavitt, Chandra Moss, Steven Donnell, Terry Brock, Kuba Jewgieniew, Realty One, David Blumenthal, Jack Zuckerman, and Gursey Schneider (collectively "Remaining Defendants"). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Considering the FAC was filed on March 20, 2018, Plaintiff had until June 18, 2018 to serve the Remaining Defendants.

       On June 26, 2018, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed as to the Remaining Defendants for lack of prosecution. ("OSC," Dkt.

No. 40.) Plaintiff was ordered to respond by July 2, 2018. (Id.) To date, Plaintiff has not responded. In the OSC, the Court warned Plaintiff that "failure to respond, or an inadequate response, will result in dismissal." (Id. at 2.)

## I. DISCUSSION

In deciding whether to dismiss an action for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

### A. Public's interest in expeditious resolution of litigation

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff failed to serve the Remaining Defendants in violation of Federal Rule of Civil Procedure 4(m). The Court finds this factor weighs in favor of dismissal.

### B. Court's need to manage its docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," such as Plaintiff. Id. (citing Ferdik, 963 F.2d at 1261). Thus, the Court determines this factor also favors dismissal.

### C. Risk of prejudice to defendants/respondents

"The law also presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). These proceedings have been unnecessarily delayed because of Plaintiff's failure to serve the Remaining Defendants or respond to the OSC. This too weighs in favor of dismissal.

### D. Availability of less drastic alternatives

The Court made clear in its OSC that failure to respond or an inadequate response would result in dismissal. (OSC at 2.) Less drastic measures are unlikely to be effective. This factor weighs in favor of dismissal.

### E. Public policy favoring disposition of cases on their merits

Lastly, "[p]ublic policy favors disposition of cases on the merits." Pagtalunan, 291 F.3d at 643. Because Plaintiff has not responded to the Court's OSC or served the Remaining

Defendants, Plaintiff has deprived himself of the opportunity to litigate his case on its merits. This factor favors dismissal.

Upon consideration of these five factors, the Court finds dismissal for failure to prosecute is warranted. See Ferdik, 963 F.2d at 1263 (finding dismissal was appropriate when three factors weighed in favor of such).

## II. CONCLUSION

For the foregoing reasons, the Court DISMISSES this action WITHOUT PREJUDICE.

**IT IS SO ORDERED.**